FILED: June 19, 2008

IN THE SUPREME COURT OF THE STATE OF OREGON

TOM CHAMBERLAIN
& BARBARA BYRD,

Petitioners,

v.

HARDY MYERS,
Attorney General,
State of Oregon,

Respondent.

(SC S055743)

En Banc

On petition to review ballot title filed
February 25, 2008; considered and under advisement on April 30, 2008.

Margaret S. Olney, of Smith, Diamond &
Olney, Portland, filed the petition for review.

Judy C. Lucas, Senior Assistant Attorney
General, Salem, filed the answering memorandum for respondent.  With her on the
memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor
General.

KISTLER, J.

Ballot title referred to the Attorney General
for modification.

KISTLER, J.

Petitioners seek review of the
Attorney General's certified ballot title for Initiative Petition 23 (2010).  See
ORS 250.085(2) (specifying requirements for seeking review of certified ballot
title).  This court reviews the certified ballot title to determine whether it
substantially complies with ORS 250.035(2).  See ORS 250.085(5) (stating
standard of review).  For the reasons explained below, we refer the ballot
title to the Attorney General for modification.

Initiative Petition 23, if enacted,
would add the following text to the Oregon Revised Statutes:

"No employee shall be
required to pay money to a union or be represented by a union unless within the
four years previous to the effective date of this section a majority of the
subject employees have voted in a secret ballot election to be represented by
the union.  Due to the serious potential for coercion and undue pressure, an
employee's card check authorization shall not be deemed a valid vote for
unionization."

The Attorney General certified the following ballot title for
Initiative Petition 23:

"UNION
REPRESENTATION, CONTRIBUTIONS TO REPRESENTATION COSTS
NOT REQUIRED UNLESS
ELECTION HELD WITHIN LAST FOUR YEARS

"RESULT OF 'YES' VOTE:  'Yes' vote
eliminates any requirement that union represent an employee or employee share
representation costs, unless secret-ballot election authorized union within
past four years.

"RESULT OF 'NO' VOTE:  'No' vote
retains existing law:  once employees choose union (by election or written
authorization procedure), union represents all employees; contract may require
sharing representation costs.

"SUMMARY:  Under current law,
employees may choose union representation by majority of votes cast in
secret-ballot election or through employer recognition based on written authorizations
from majority of employees.  Representation continues unless 30 percent of
employees show support for election to decertify union and majority vote to
decertify.  Selected union must represent all employees, regardless of union
membership.  A collective bargaining agreement may require all employees to
contribute to representation costs.  Under measure, no employee may be required
to be represented by union or to contribute to costs of representation unless a
majority of 'subject employees' (not defined) have voted in a secret-ballot
election within the four years before this measure's effective date. 
Employee's 'card check authorization' (undefined) is not a valid vote.  Other
provisions."

Petitioners challenge the caption, the "yes" vote
result statement, and the summary.

The proposed measures in this case
and in Chamberlain v. Myers (S055744), 344 Or ___, ___ P3d ___ (decided
this date), differ in one respect. (1) 
Although the proposed measures are substantially the same, they differed sufficiently
to persuade the Attorney General to certify substantially different captions
and "yes" vote result statements. (2) 
Because those parts of the ballot titles and petitioners' corresponding
challenges to them differ, we cannot rely completely on our decision in Chamberlain
(S055744) to resolve petitioners' challenges in this case.

We begin with petitioners'
challenge to the caption.  See ORS 250.035(2)(a) (requiring a 15-word
caption that reasonably identifies the subject matter of the measure). 
Petitioners do not argue that the words that the Attorney General used in the
caption are inaccurate or otherwise fail to identify the measure's subject
matter.  Rather, they argue that the caption is deficient only because it does
not put the word "representation" in quotation marks.  Petitioners
reason that quotation marks are necessary to signal that federal and state laws
will continue to require unions to represent all the employees in a bargaining
unit even if the proposed measure passes.

We considered the premise of
petitioners' argument in Caruthers v. Myers, 344 Or ___, ___ P3d ___
(decided this date), and agreed that the proposed measure would have no effect
on a private sector union's federal obligation to represent all the employees
in a bargaining unit and that its effect on a public sector union's comparable
state obligation was unclear.  The narrow question that petitioners' argument
in this case raises, however, is whether putting quotation marks around the
word "representation" is required to communicate that limitation.  We
do not think that it is.

This court has required the Attorney
General to put a term used in a ballot title in quotation marks when that term is
used in the proposed measure and its meaning is ambiguous.  See Wolf v. Myers, 343 Or 494, 501, 173 P3d 812 (2007) (so explaining).  In that
context, quotation marks serve to highlight "technical terms expected to
be unfamiliar to the reader," as well as words used in an unusual or
uncertain sense.  See Webster's Third New Int'l Dictionary 1868
(unabridged ed 2002) (defining "quotation mark").  Accordingly, this
court has required the use of quotation marks around a term when there are multiple
accepted meanings for the term and the measure clarifies which of those
accepted meanings is meant, Tauman v. Myers, 343 Or 299, 303, 170 P3d
556 (2007), as well as when the term is not defined in the measure and has no
"plain meaning," Morgan v. Myers
, 342 Or 165, 168, 149 P3d
1160 (2006).

By contrast, this court has not
required the use of quotation marks to indicate that the effect of a
proposed measure is limited because it either conflicts or may conflict with settled
law.  That use would be inconsistent with the common understanding of what
quotation marks do and thus be more likely to enhance voter confusion than
reduce it.  Putting the word "representation" in quotation marks, for
instance, would likely lead voters to conclude that the measure, if enacted,
would relieve unions of the obligation to take a certain action with regard to
certain employees that is similar to, but not the same as, representation.  It
would not be likely to lead voters to conclude that the measure, if enacted, would
not relieve unions of their obligation to represent all the employees in the
bargaining unit.  Yet, it is the latter concern that gives rise to petitioners'
objection to the ballot title.  Given the limited nature of petitioners'
objection to the caption, we cannot say that the caption does not substantially
comply with the Attorney General's obligation to identify the subject matter of
the ballot title. (3)

Petitioners raise two challenges to
the "yes" vote result statement.  See ORS 250.035(2)(b)
(requiring "a simple and understandable statement of not more than 25
words that describes the result if the state measure is approved").  They
argue that telling voters that the proposed measure, if enacted, would "eliminate[e]
any requirement that [a] union represent an employee" overstates the
measure's effect.  We agree for the reasons stated in Caruthers, 344 Or
at ___.  They also argue that the "yes" vote result statement should tell
voters that the proposed measure, if enacted, would effect a significant change
in secret-ballot elections by replacing the current simple majority standard
for winning elections with an absolute majority standard.  We agree for the
reasons stated in Chamberlain (S055744), 344 Or at ___.

Finally, petitioners challenge the
summary.  See ORS 250.035(2)(d) (requiring "[a] concise and
impartial statement of not more than 125 words summarizing the state measure
and its major effect").  They contend that the summary "fails to make
clear that [the] proposed measure would have different effects in the public
and private sector."  They also argue that it fails to effectively
highlight the change that the proposed measure would impose on the type of
majority necessary to win a union representation election.  The summary in this
case is substantially the same as the summary in Chamberlain (S055744),
and we agree with both of petitioners' challenges to the summary for the
reasons stated in that opinion. (4)Accordingly, we refer the "yes" vote result statement and the summary
to the Attorney General for modification.

Ballot title referred to the Attorney
General for modification.

1. The proposed measure in this case provides:

"[n]o employee shall be required to pay money to a
union or be represented by a union unless within the four years previous to
the effective date of this section a majority of the subject employees have
voted in a secret ballot election to be represented by the union."

(Emphasis added.)  The
proposed measure in Chamberlain (S055744) omits the italicized
wording but is otherwise identical. 

Return to previous location.

2. The
summaries for the two measures appear substantially the same, with one
exception that we note below.

Return to previous location.

3. Although the Attorney General is not required to put the word "representation"
in quotation marks, on referral, he may modify the caption in other ways to
meet petitioners' concern if he chooses.  See Sizemore/Terhune v. Myers,
342 Or 578, 591, 157 P3d 188 (2007) (stating proposition).

Return to previous location.

4. The summary in this case differs from the summary in Chamberlain (S055744)
in one respect.  The summary in this case states that, under the measure, no
employee representation may be required of a union "unless a majority of
'subject employees' (not defined) have voted in a secret-ballot election within
the four years before this measure's effective date."  The measure,
however, does not require merely that a majority of "subject
employees" vote.  It requires that a majority vote "to be represented
by the union."  Although petitioners have not objected to that aspect of
the summary, the Attorney General is free on referral to modify the summary to
conform to the measure.  See Sizemore/Terhune, 342 Or at 591 (stating
proposition).

Return to previous location.